IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROGER DANILO MANCHAME CHACON,

       Petitioner,

v.

       CIVIL ACTION
       NO. 26-4463

JAMAL L. JAMISON, et al.,

       Respondents.

## ORDER

**AND NOW**, this 7th day of August 2026, upon consideration of Petitioner's Motion to

Enforce (Doc. No. 7) and the Government's Response in Opposition (Doc. No. 8), it is

**ORDERED** that Petitioner's Motion (Doc. No. 7) is **DENIED**.[1]

---

[1] By way of background, this case arises out of Petitioner Roger Danilo Manchame Chacon's ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. No. 1.) The Court is familiar with the facts of Petitioner's case, which are set forth in the Order issued on July 1, 2026, in which the Court granted Petitioner's Writ for Habeas Corpus. (See Doc. No. 4.) Further, in the July 1, 2026 Order, the Government was directed to either provide Petitioner with a bond hearing by July 13, 2026 or release him. (Id. at 3.)

On July 13, 2026, a bond hearing was held before an immigration judge, as directed in the July 1, 2026 Order. (Doc. No. 8.) At the bond hearing, Petitioner presented arguments and submitted documents into evidence demonstrating his ties to the community. (See Doc. No. 7, Exs. A–D.) The presiding immigration judge determined, however, that Petitioner was a flight risk and ordered that Petitioner remain in federal custody. (Doc. No. 7 at 1.) In reaching this determination, the immigration judge noted (1) Petitioner's prior violations of immigration laws and (2) Petitioner's short time in the United States. (Id. at 2.)

In response to being denied bond, on July 29, 2026, Petitioner filed a Motion to Enforce this Court's July 1, 2026 Order. (Doc. No. 7.) On August 6, 2026, Respondents filed a Response in Opposition. (Doc. No. 8.) The Motion to Enforce (Doc. No. 7) is now ripe for disposition.

Petitioner's Motion to Enforce (Doc. No. 7) will be denied for two reasons: (1) this Court lacks jurisdiction to overturn the decision rendered by the immigration judge on July 13,

1

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

2026 and (2) Petitioner has not demonstrated the bond hearing was so fundamentally unfair as to deprive him of due process.

First, this Court lacks jurisdiction to "review any discretionary determinations underlying the [immigration judge's] bond decision." See Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-cv-1908, 2022 WL 574624, at *2 (3d Cir. 2022 Feb. 25 2022) (citing 8 U.S.C. § 1226(e)) (declining to address the merits underlying an immigration judge's decision to deny bond because "[a] motion to enforce is not the proper avenue to relitigate the merits of a bond order.")). Instead, Petitioner must appeal the immigration judge's July 13, 2026 decision directly to the Board of Immigration Appeals ("BIA"). See Lino v. Soto, No. 25-18518, 2026 WL 63678, at *2 (D.N.J. Jan. 8, 2026) (noting that "any challenge" to the immigration judge's decision to deny bond "must be presented to the [BIA]."). Thus, Petitioner's recourse lies with the BIA's appeals process—not with this Court. (Id.)

Second, Petitioner likewise fails to illustrate how the July 13, 2026 bond hearing did not comport with the requirements of due process. A fundamentally fair bond hearing that complies with the requirements of due process has three critical elements: (1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the ability to make arguments in support of the petitioner's position; and (3) the right to an individualized determination of one's interests. Ghanem, 2022 WL 574624, at *2.

The record reflects that Petitioner's bond hearing comported with the minimum requirements of due process. First, Petitioner had the opportunity to present evidence during the bond hearing demonstrating his ties to the community. (See Doc. No. 7, Exs. A–D.) Second, Petitioner was able to make arguments in support of his position. (See id.) (arguing that Petitioner is not a flight risk.) Third, the presiding immigration judge made an individualized determination and decided that Petitioner was a flight risk. (See id. at 2.) While Petitioner may disagree with the outcome of the bond hearing, such disagreement does not mean Petitioner's due process rights were violated. Ghanem, 2022 WL 574624, at *3.

For the foregoing reasons, Petitioner's Motion to Enforce the July 1, 2026 Order (Doc. No. 7) will be denied.

2